UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAJOR TATE                                                                                              PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:13cv904-DPJ-FKB

CAROLYN COLVIN, Commissioner
Social Security Administration                                                                     DEFENDANT

ORDER

This social-security appeal is before the Court on the Plaintiff's Motion for Award of Attorney Fees [18] pursuant to the Social Security Act, 42 U.S.C.§ 406(b).  Plaintiff seeks an award of attorney fees in the amount of $5,976.85—the remaining portion of the past-due Title II benefits that are currently being withheld by the Social Security Administration ("SSA"). Defendant filed a Response in Opposition [20], in which she concedes that the requested fee is reasonable but argues that the petition is untimely and should therefore be denied.  The Court, having reviewed the parties' submissions and the relevant authorities, concludes that Plaintiff's Motion should be granted.

I.      Background

On October 8, 2008, Claimant Major Tate filed an application for Social Security Disability Benefits and Supplemental Security Income benefits.  After the SSA Commissioner denied the applications and an administrative law judge (ALJ) affirmed the denial, Tate filed a Complaint in this Court through counsel.  United States Magistrate Judge F. Keith Ball found that the ALJ's findings were in error and recommended that the matter be remanded to the Commissioner for further proceedings.  Report and Recommendation [13].  On March 7, 2014, the Court adopted Judge Ball's Report and Recommendation in full and remanded the case to the Commissioner.  Order [14].

After reviewing the record on remand, a second ALJ found Claimant Tate disabled under the Social Security Act, and the SSA issued a Notice of Award (NOA) on November 3, 2014, in which the SSA withheld $11,976.85 of past-due benefits for the purpose of paying attorney's fees. NOA, Ex. D [18-5]. The SSA then authorized a disbursement of $6,000 from the withheld sum to compensate Plaintiff's counsel for services provided on Tate's behalf in the SSA adjudication. *See* Letter, Ex. F [18-7]. Following this award, Plaintiff's counsel moved in this Court for attorney fees under the Equal Access to Justice Act (EAJA) [15], and the Court awarded such fees in the amount of $4,738.09. *See* June 23, 2014 Order [17].

Plaintiff's counsel now moves for attorney fees under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). Specifically, she requests an award of $5,976.85, which represents the balance of the past-due fees withheld by the SSA. She claims she is entitled to this amount pursuant to a written employment agreement that provides for a contingent fee of no more than 25% of past-due benefits should Tate obtain a favorable decision. *See* Employment Contract, Ex. C [18-4]. Defendant does not object to the reasonableness of the requested fee, but instead contends that the § 406(b) motion is untimely because it was not filed within fourteen days after the entry of judgment, as required by Federal Rule of Civil Procedure 54(d)(2)(B)(I). *See* Def.'s Resp. [20]. The Court has considered the parties' arguments and the relevant authorities and is prepared to rule.

II.     Analysis

Under the Social Security Act, an attorney representing a claimant in a successful claim for past-due benefits is entitled to a reasonable fee in compensation for the services performed in connection with such a claim, not to exceed 25% of the total amount of the past-due benefits

2

recovered.  42 U.S.C. §§ 406(a), (b)(1).  This motion for attorney's fees under § 406(b) raises two primary issues.  First, the Court must determine whether the motion was timely filed.  Second, if the motion is indeed timely, the Court must calculate the amount of fees to be offset by the previous award of attorney's fees under the EAJA.  These issues will be addressed in turn.

      A.      Timeliness

Defendant initially contends that the instant motion is untimely because it was not filed within 14 days of this Court's order remanding the case to the SSA Commissioner, as required by Federal Rule of Civil Procedure 54(d)(2).  *See* Def.'s Resp. [20] at 1–2.  Indeed, because § 406(b) itself does not contain a specific time period for the filing of a request for attorney's fees, the Fifth Circuit has held that Rule 54(d)(2) applies to requests made under § 406(b).  *See Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006).  Rule 54(d)(2) specifies that "[u]nless a statute or a court order provides otherwise, the motion [for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment . . . ."  But the case law remains unsettled as to how to interpret Rule 54(d)(2) in the context of a remanded Social Security case.  *See Taharah v. Astrue*, No. 4:06-3801, 2011 WL 1882821, at *1 (S.D. Tex. May 16, 2011) (noting ambiguity of case law in this context).

Courts considering the 14-day rule in this context have found that "a motion for attorney's fees is 'premature' if filed immediately after the order of remand, because it is not yet known whether the plaintiff will prevail on remand."  *Id.* (citing *Pierce*, 440 F.3d at 664); *see also Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *2 (N.D. Tex. Nov. 22, 2011) ("The better course of action therefore is to file the motion in a timely manner after the award of benefits."); *Wilcox v. Astrue*, No. 3:07-0365, 2010 WL 3075264, at *1 (S.D. Tex. Aug.

5, 2010) ("Courts routinely entertain § 406(b) requests filed after the 14-day deadline in recognition of the fact that further administrative proceedings are often required after a district court's entry of judgment, rendering observance of this deadline frequently impractical."); *Walker v. Astrue*, 593 F.3d 274, 280 (3rd Cir. 2010) ("We further hold that the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award.").

Closer to home, the Fifth Circuit has held that it is within the Court's discretion under Rule 54(d)(2) to expand the deadline beyond 14 days. *Pierce*, 440 F.3d at 664. As such, it is clear that a motion for attorney's fees can be timely when filed after the SSA awards benefits to the claimant on remand, even though the request is made more than 14 days after the district court's order granting remand. *Id.*

Defendant acknowledges this point, but argues in the alternative that the 14-day deadline should be triggered when the Commissioner issues the NOA. *See* Def.'s Resp. [20] at 2–3. If Defendant is correct on this point, the request at issue would indeed be untimely, as the NOA was issued on November 3, 2014, *see* NOA, Ex. D [18-5], and Plaintiff's counsel did not file the instant Motion until July 7, 2015—nearly eight months later. But again, the case law remains somewhat unsettled as to whether the 14-day rule should apply in this context, and the only Fifth Circuit case to address the issue is factually distinguishable.

In *Pierce*, the Fifth Circuit held that a § 406(b) motion must be filed within 14 days "unless otherwise provided by statute or order of the court." *Pierce*, 440 F.3d at 663 (quoting Fed. R. Civ. P. 54(d)(2)). In that case, the district court denied the initial request for attorney's fees as premature because the SSA had not yet awarded past-due benefits, and the court's order

did not impose a specific time limit within which to refile the request if an award was issued. *Id.* at 664. The Fifth Circuit reasoned that because the district court did not specify a deadline, it had invoked its discretion under Rule 54(d) to expand the filing deadline and that, as a result, the § 406(b) motion was timely despite being filed outside the 14-day window.[1] *Id.*

In the present action, the Court has not issued a similar order directing Plaintiff's counsel to refile the motion for attorney's fees at a later date nor otherwise made any representation that could be construed as an extension of the 14-day deadline. So, while Plaintiff's counsel is correct that it is generally within the Court's discretion to expand the deadline, to this point the Court has not exercised its discretion to do so. The question is thus whether the Court should now exercise its discretion and retroactively waive the 14-day requirement.

District courts within the Fifth Circuit that have been faced with this issue have reached varying conclusions. *Compare Charlton*, 2011 WL 6325905, at *2 (finding motion timely when filed within five weeks of NOA), *Daigle v. Soc. Sec. Admin.*, No. 06-2393, 2010 WL 3522389, at *3 (W.D. La. Aug. 31, 2010) (finding motion timely when filed approximately four months after NOA), *and Foster v. Astrue*, No. H-09-173, 2011 WL 4479087, at *2 (S.D. Tex. Sept. 26, 2011) (finding motion timely when filed approximately four months after NOA, but where defendant did not argue motion was untimely), *with Taharah*, 2011 WL 1882821, at *1 (finding motion

---

[1]The Fifth Circuit also noted that the local rules for the Western District of Texas, which applied in that case, required that claims for attorney's fees be filed within 14 days of the entry of judgment. But it is not clear that the court would have reached a different outcome absent this rule. *See Rice v. Astrue*, 831 F. Supp. 2d 971, 981 n.7 (N.D. Tex. 2011) ("[T]he court does not consider that the ruling of the Fifth Circuit on any point relevant to the instant action would have been different if such a local rule had not existed."). In any event, because the local rules for the Southern District of Mississippi do not contain such a provision, the Court concludes that the timeliness of the motion at issue turns solely on the applicability of the 14-day limit under Rule 54(d)(2).

untimely when filed one year after NOA), *Rice v. Astrue*, 831 F. Supp. 2d 971, 982 (N.D. Tex. 2011) (finding motion untimely when filed one year after NOA), *and Brown v. Comm'r of Soc. Sec. Admin.*, No. 05–1336, 2008 WL 2705457, at *1 (W.D. La. July 10, 2008) (finding motion untimely when filed almost five months after NOA). Those courts that have exercised their discretion to waive the requirement have noted that the motion was filed within a reasonable amount time, caused no prejudice to the plaintiff, and denying the requested fees would render an unconscionable result. *See, e.g.*, *Daigle*, 2010 WL 3522389, at *3; *Charlton*, 2011 WL 6325905, at *2.

The facts of this case present a close call. Here, Plaintiff's counsel has not specifically sought relief from the 14-day deadline, but instead argues that the 14 days have not begun to run because "it is customary practice to await a 'Status (Closeout) Letter' from the Commissioner before filing a request for Attorney's fees." Pl.'s Resp. [21] at 2. But counsel offers no further explanation as to why it is necessary to await this letter, and the present motion belies this assertion, as Plaintiff's counsel admits that "[n]o such letter has been issued on this claim." *Id.* at 2. Additionally, counsel received multiple correspondences from the SSA inquiring whether she had petitioned the court for § 406(b) fees, a factor some courts have considered relevant to the timeliness inquiry. *See, e.g.*, *Brown*, 2008 WL 2705457, at *1 (noting that the motion was filed "two months after the latest inquiry from SSA").

On the other hand, the instant motion was not filed so long after the NOA was issued that it is clearly unreasonable. Many of the cases in which a § 406(b) motion has been found untimely have involved a delay of more than one year from the issuance of the NOA or other circumstances that are not present in this case. *See, e.g., id.* (counsel offered no explanation for

6

the delay); *Londo v. McMahon*, No. 06-2087, 2009 WL 87595, at *2 (W.D. La. Jan. 12, 2009) (counsel failed to support motion with any evidence of an NOA and did not respond to defendant's arguments).  Furthermore, the record evidence indicates that Plaintiff's counsel responded to the SSA's request for information by noting that the petition for attorney's fees would be filed "[o]nce all calculations are completed, and we are sent the closeout letter." Request for Information, Ex. A [21-1] at 2.  Thus, it does not appear that counsel was dilatory in withholding the motion, but instead believed that it was necessary, or at least preferable, to file the motion after the SSA had made its final calculations.  Finally, because the requested award is in line with the fee agreement signed by Plaintiff's counsel and her client, granting the award would not prejudice the claimant, but denying the award would eliminate a benefit due Plaintiff's counsel under the contract.  Indeed, the SSA was holding these very funds for this purpose.

In light of these considerations, particularly the conclusions that the timing of the present motion was not per se unreasonable and that a balance of the equities favors allowing the motion to proceed, the Court invokes its equitable discretion and finds that the motion for attorney's fees is not untimely.

      B.      EAJA Offset

Having found the motion timely, the Court must address the amount of fees due to be awarded to Plaintiff's counsel.  As stated previously, Plaintiff's counsel seeks an award of $5,976.85—the remaining amount of past-due benefits being withheld by the SSA.  Pl.'s Mot. [18] at 1. Defendant does not dispute the reasonableness of the requested fee, Def.'s Resp. [20] at 1, and the award sought falls within the statutory maximum of 25% of past-due benefits, so the Court need not analyze the reasonableness of the request under § 406(b).  But, given the previous

award of $4,738.09 in EAJA fees, *see* June 23, 2014 Order [17], the Court must address the mandatory EAJA offset Plaintiff's counsel is required to remit to the claimant.

Plaintiff's counsel acknowledges the need for an offset and has indicated that she will refund the $4,738.09 in EAJA fees to the claimant, resulting in a net attorney fee from Tate's award of past-due benefits of $7,238.76.  Pl.'s Mem. [19] at 4.  Subject to this requirement that Plaintiff's counsel refund the previously awarded EAJA fees to the claimant, the motion for attorney's fees totaling $5,976.85 is granted.[2]

III.   Conclusion

The Court has considered the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Plaintiff's Motion for Award of Attorney Fees [18] pursuant to 42 U.S.C.§ 406(b) is granted.  The Social Security Administration shall release the remainder of the withheld attorney's fees in the amount of $5,976.85, and Plaintiff's counsel shall remit the previously awarded EAJA fees of $4,738.09 to Claimant Major Tate.

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2]Combined with the Commissioner's initial release of $6,000 from the withheld funds, Plaintiff's counsel is due to receive the entire withheld amount of $11,976.85—equivalent to 25% of past-due benefits—as bargained for in the employment contract.